IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIA VAUGHN

        **Plaintiff,**

vs.

ILLINOIS DEPARTMENT        Case No. 16-cv-624-DRH-SCW
OF HUMAN SERVICES,

        **Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is defendant's Illinois Department of Human Services (hereinafter "DHS" or "defendant") motion for summary judgment (Doc. 51), to which plaintiff filed a response (Docs. 59), and defendant replied (Doc. 62). For the reasons explained below, the Court grants in part and denies in part defendant's motion for summary judgment (Doc. 51).

### II. Background

Plaintiff Julie Vaughn was employed by DHS at Murray Developmental Center as a Licensed Practical Nurse (LPN II) from September 19, 2011, until her discharge on May 27, 2015 (Doc. 52-1, pg. 9). Murray Developmental Center (hereinafter "Murray") is operated by Illinois Department of Human

Services and provides medical and behavioral services to developmentally disabled individuals.

Murray's employees are subject to the DHS Employee Handbook section regarding time and attendance. DHS had an attendance policy which defined unauthorized absences as those for which the time off was not approved (Doc. 52-2, pg. 45). Employee requests for leaves of absence needed to be supported with a written request to the employee's supervisor, unless an emergency condition prevented a timely request (Doc. 59-3). An employee who missed work due to a medical illness, and received an unexcused absence, could have the absence later treated as excused by providing the proper medical certification to his or her supervisor. In an emergency, DHS asserts that their affirmative attendance policy allows an employee to call in that day and later submit a formal request for time off after returning to work.

When employing the "call-in" notification policy, an employee who planned to miss work was required to call in to notify their supervisor at least one hour before their shift started (Doc. 52-2, pg. 46). According to DHS, failure to comply with these procedures forced employees to accumulate unexcused absences, ultimately leading to "progressive disciplinary action", depending on the number of unexcused absences (Doc. 52-2, pg. 47).

On January 27, 2015, plaintiff was injured by a patient at Murray. Initially, plaintiff's physician recommended that she be placed on light-duty work at Murray until February 6, 2015. However, on February 6, 2015,

plaintiff's physician prohibited her from work for two weeks — from February 6, 2015 to February 24, 2015— as a result of the injury. Plaintiff later submitted a Physician Statement Authorization for Disability Leave and Return to Work (CMS-95) indicating her need to be off work. Her medical leave was extended by DHS until March 9, 2015. Plaintiff later returned to her physician, and he recommended that plaintiff's medical leave be extended to March 13, 2015. As a result, DHS extended plaintiff's medical leave.

On March 18, 2015, plaintiff submitted a CMS-95 to Murray, which indicated she should be off work from March 13, 2015 to an unknown date. Prior to that date, DHS alleges that her March 16, 2015 and March 17, 2015 absences were unexcused. In late March 2015, plaintiff received notice by mail that Murray Developmental Center had instituted disciplinary proceedings against her as a result of her absences from work on March 16, 2015, and March 17, 2015. Plaintiff's pre-disciplinary hearing was scheduled for March 31, 2015. However, plaintiff did not attend the hearing because she was physically unable to do so.

On April 2, 2015, despite plaintiff's failure to submit an FMLA certification, Murray Developmental Center sent plaintiff an FMLA designation notice indicating that she had been approved for FMLA starting on February 5, 2015 through an unknown time. Thereafter, on April 21, 2015, Plaintiff obtained a CMS-95 from her physician indicating a need to be off work from March 13, 2015 to April 21, 2015, due to her injury.

Despite the aforementioned CMS-95 and prior FMLA certification, DHS placed plaintiff on a suspension pending discharge effective April 28, 2015. Thereafter, on May 5, 2015, Murray sent plaintiff another FMLA designation notice indicating she had been approved for FMLA beginning February 5, 2015 through April 27, 2015. The notice informed her that she had used 56 days of FMLA leave. Subsequent to receipt of the designation notice, plaintiff was discharged from Murray Developmental Center effective May 27, 2015.

Plaintiff was not medically cleared to return to work until September 20, 2016. Following her discharge from Murray Developmental Center, plaintiff began working at Shepard of the Hills, located in Branson, Missouri, in October 2016.

Prior to returning to work, plaintiff filed the underlying lawsuit on June 9, 2016, alleging that Murray interfered with her rights under the FMLA and also alleging a state law retaliatory discharge claim (Doc. 1). Defendant moved to dismiss the case, asserting that Murray Developmental Center was not an employer and also that plaintiff's state law claim was barred by sovereign immunity (Doc. 11). Thereafter, on August 23, 2016, plaintiff filed an amended complaint asserting one count of FMLA interference against DHS (Doc. 27). Defendant now moves for summary judgment on plaintiff's FMLA interference claim (Doc. 51).

### III. Motion for Summary Judgment

Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Winsley v. Cook Cnty.,* 563 F.3d 598, 602–03 (7th Cir. 2009); Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana,* 259 F.3d 619, 625 (7th Cir. 2001); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor, as well as resolve all factual disputes in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372 (2007); *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008).

The party seeking summary judgment bears the initial burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). In response, the non-moving party may not rest on bare pleadings alone, but instead must highlight specific material facts to show the existence of a genuine issue to be resolved at trial. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). The Court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir. 1995).

#### IV. Analysis

In defendant's motion for summary judgment, DHS argues that it is entitled to judgment as a matter of law on plaintiff's interference claim because plaintiff did not follow DHS's policies regarding medical leave and absences. DHS alleges that plaintiff's termination was warranted because she failed to comply with DHS policies, and this, coupled with her previous attendance violations, ultimately resulted in her termination.[1]

In response, plaintiff points to the fact that she was granted FMLA leave beginning February 5, 2015, through an indeterminate date, which covered all days that plaintiff was allegedly in violation of DHS policies, and the indeterminate time was consistent with DHS policies. Further, plaintiff contends that DHS' argument that plaintiff could have been terminated because she had exhausted her FMLA leave, despite the fact that DHS knew Vaughn was not medically cleared to return to work, was not offered as a basis for termination until now. *See Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 291 (7th Cir. 1999)(finding the employer's changed reason for firing the employee to be "evidence of pretext, and entitles [the employee] to a trial on the issue of the reason for his termination"); *Perfetti v. First Nat'l Bank of Chicago*, 950 F.2d 449, 456 (7th Cir.1991), cert. denied, 505 U.S. 1205, 112 S.Ct. 2995, 120 L.Ed.2d 871 (1992) (when employer gives one reason at the time of the adverse

---

[1] Defendant alleges that because plaintiff was on the eleventh step of the progressive discipline chart, having served a 20-day suspension in July 2014, her two alleged unexcused absences from March 2015 – which totaled four steps on the progressive discipline chart – justified plaintiff's discharge. (Doc. 52-2, pg. 24),

employment decision, and at trial gives another reason unsupported by the documentary evidence, the jury could reasonably conclude that the new reason was a pretextual after-the-fact justification); *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 634 (7th Cir.1996) (failure to express non-discriminatory explanation earlier despite several opportunities to do so gives rise to inference that later expressed reason is pretextual).

It is true that FMLA regulations generally permit an employer to enforce notice and other procedural requirements for invoking FMLA leave: "An employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 C.F.R. § 825.302(d). The FMLA provides eligible employees with the right to take up to twelve weeks of unpaid leave due to a serious health condition. See 29 U.S.C. § 2612(a)(1)(D). The FMLA also allows an employee to take intermittent leave or work on a reduced schedule when necessary because of a medical condition. *Id.* at § 2612(b). It is unlawful for an employer to interfere with an employee's rights under the FMLA by terminating her employment. 29 U.S.C. § 2615(a)(1). However, a plaintiff has the burden to prove that her employer interfered with her FMLA rights. *See, e.g., Simpson v. Office of Chief Judge of Circuit Court of Will Cnty.*, 559 F.3d 706, 712 (7th Cir.2009).

"To prevail on an FMLA interference claim, an employee must show that: (1) she was eligible for FMLA protection; (2) her employer was covered by

the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take FMLA leave; and (5) her employer denied her the right to FMLA benefits." *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 825 (7th Cir. 2012). The parties do not dispute that plaintiff was eligible for protection under the FMLA, that DHS was covered by the FMLA, or that plaintiff was entitled to leave under the FMLA. The key element in dispute is whether plaintiff provided sufficient notice of her intent to take FMLA leave on both the March 16, 2015, and March 17, 2015. DHS argues that plaintiff did not follow DHS's policies regarding medical leave and absences, culminating in her termination.

Upon review of the record, the Court notes that the parties stipulate to the fact that on April 2, 2015, Trisha Shipley, FMLA Coordinator at Murray Developmental Center, sent plaintiff an FMLA designation notice indicating that she had been approved for FMLA beginning February 5, 2015 through an unknown time (Doc.52-2, pg. 26). However, in its motion, DHS argues that plaintiff failed to comply with DHS' policies regarding leave requests, when she failed to submit a newCMS-95, and this ultimately resulted in her termination effective May 27, 2015.

Plaintiff, however, argues that not only was DHS aware that she had not yet been medically cleared to work, but DHS had, in fact, approved FMLA leave starting February 5, 2015, through an unknown time. Further, with regard to plaintiff's specific absences that allegedly contributed to her termination,

plaintiff contends that both the March 16, 2015, and March 17, 2015, unexcused absences charged against her were covered under her approved FMLA leave. As mentioned above, plaintiff had been approved for FMLA beginning February 5, 2015, through an unknown time, and on April 2, 2015, Ms. Shipley certified that plaintiff was approved for FMLA protection, backdated to include all working days since February 5, 2015. (Doc.52-2, pg. 26). Again, on May 5, 2015, Murray sent Plaintiff another FMLA designation notice indicating that she had been approved for FMLA beginning February 5, 2015 through April 27, 2015, and this notice also covered the March 16, 2015, and March 17, 2015 dates in question.

Plaintiff believes her March 2015 unexcused absences were covered by the FMLA after she received the FMLA designation notice from Ms. Shipley. Had those absences been covered by the FMLA, plaintiff would not have accumulated her twelfth unexcused absence, which ultimately was the original reason given for her termination as part of plaintiff's alleged failure to comply with DHS policies. In DHS' motion, it also raises exhaustion of FMLA leave as a basis for plaintiff's termination. However, plaintiff maintains that this explanation was not offered until the pending litigation.

Accordingly, because plaintiff established that DHS would have lacked grounds to terminate her employment had she received FMLA leave for her March 16-17, 2015, absences, and given the disputed basis for her termination, the Court finds that, construing the facts in plaintiff's favor, there are disputes

of material fact surrounding plaintiff's termination. Therefore, the Court **DENIES** the motion for summary judgment with respect to plaintiff's FMLA interference claim.

Finally, defendant argues that punitive and emotional distress damages are not recoverable under FMLA. Plaintiff concedes this point (Doc. 59, pg. 13). The Court agrees that the FMLA does not allow for the recovery of non-economic or punitive damages. See, e.g., *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 740 (2003). Accordingly, the Court **GRANTS** summary judgment on plaintiff's claim for damages related to emotional distress and punitive damages.

## V. Conclusion

For the reasons stated above, the Court **GRANTS in part and DENIES in part** defendant's motion for summary judgment (Doc. 51). The Court **GRANTS** summary judgment on plaintiff's claim for non-economic damages related to emotional distress and punitive damages, and **DENIES** summary judgment on plaintiff's FMLA interference claim. The parties shall contact Magistrate Judge Williams if a settlement conference would be beneficial.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.23
13:26:19 -05'00'

**United States District Judge**